## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASHLEY FOSTER**,<br>26458 Snake Creek Road<br>Hilliard, FL 32046<br><br>     *Plaintiff*,<br><br>v.<br><br>**CHRISTINE E. WORMUTH**, in her official<br>capacity as Secretary of the Army,<br>104 Army Pentagon<br>Washington, DC 20310<br><u>Serve</u>: Merrick Garland, U.S. Attorney General<br>       950 Pennsylvania Avenue NW<br>       Washington, D.C. 20530<br><br>     *Defendant.* | Civil Action No.: 1:23-cv-1409<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

COMES NOW, Plaintiff Ashley Foster ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant Christine E. Wormuth, in her official capacity as Secretary of the Army, ("Defendant") on the grounds and in seeking the relief set forth as follows:

### NATURE OF THE ACTION

1.      This action seeking declaratory and injunctive relief, monetary damages, and other appropriate relief is brought to redress Defendant's violations of Plaintiff's rights secured to her by the laws of the United States and statutory and common law of the District of Columbia.

2.      Plaintiff brings this action pursuant to Title I of the Americans with Disabilities Act as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Rehabilitation Act of 1973 § 501 *et seq.*, the First Amendment of the U.S. Constitution,  42 U.S.C. § 1983, the District of Columbia Human

Rights Act as amended, D.C. Code §§ 2-1401.01 *et seq.* ("DCHRA") and District of Columbia common law intentional infliction of emotional distress.

## PARTIES

3.      Ashley Foster ("Plaintiff") is an adult resident of the State of Florida and United States Citizen and suffers from tachycardia. Tachycardia is a cardiovascular impairment and a recognized disability as intended by the ADA. At all times relevant to this action, Plaintiff was a disabled person employed as an emergency management Specialist, GS-0089-11 with the United States Army Corps of Engineers ("USACE") in the Jacksonville District.

4.      Defendant Christine E. Wormuth is the Secretary of the United States Army and she is sued in her official capacity. Her offices are located at the U.S. Army Headquarters, 100 Army Pentagon, Washington, D.C. 20310. In her role as Secretary of the Army, Defendant is the head Department of Defense figure who oversees *inter alia* USACE, Plaintiff's employer and sub-division of the United States Department of Defense, Department of the Army. USACE is an engineer formation of the United States Army that has three primary mission areas: Engineer Regiment, military construction, and civil works. USACE is a federal agency that employs more than twenty-five (25) persons, and therefore qualifies as an employer as intended by 42 U.S.C. § 12111(5).

## JURISDICTION

5.      Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117, both of which provide for original jurisdiction for Plaintiff's claims arising under the laws of the United States.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims brought pursuant to the D.C. Code and District of Columbia common law, in that

such claims are so closely related to Plaintiff's federal claims providing the basis for this Court's original jurisdiction as to satisfy the same case or controversy requirement prescribed by Article 3 of the United States Constitution.

7.      In the alternative, this court has diversity jurisdiction over all claims alleged in this action in that Plaintiff is a Florida resident and Defendant is a citizen of the District of Columbia for diversity jurisdiction purposes.

## VENUE

8.      Venue is proper pursuant to U.S.C. §1391 in that Defendant is a resident of the District of Columbia, and a substantial portion of the events and decision-making behind the events giving rise to this action occurred in the District of Columbia.

9.      Venue is also proper pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the alleged unlawful employment practices were committed within this district, the employment records relevant to the alleged unlawful employment practices are maintained in this district, and Defendant maintains its principal office in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.      On June 6, 2022, Plaintiff filed a complaint with USACE's EEO Office and initiated the required EEO Interactive Process.

11.      On July 7, 2022, Plaintiff completed the EEO Interactive Process and received her Exit Letter and Notice of Right to File a Formal Complaint.

12.      On July 18, 2022, Plaintiff filed her formal complaint with USACE's EEO Office and with the Equal Employment Opportunity Commission ("EEOC").

13.      On February 16, 2023, USACE issued Plaintiff its Final Agency Decision ("FAD").

14.      Plaintiff received her FAD on February 16, 2023.

15.     Plaintiff has exhausted all administrative remedies and complied with all conditions precedent in maintaining this action, in that Plaintiff initiated USACE's EEO Interactive Process within forty-five (45) days of the alleged acts of discrimination, filed her formal complaint within fifteen (15) days of receiving her Exit Letter and Notice of Right to File a Formal Complaint, and Plaintiff hereby initiates this action on May 15, 2023, which is within ninety (90) days of February 16, 2023, when Plaintiff received USACE's FAD.

**STATEMENT OF FACTS**

16.     In approximately September of 2021, Plaintiff placed her supervisor on notice that she suffered from tachycardia, which is a cardiovascular impairment disability that substantially limited one or more of her major life activities, including resting, sitting up, standing, performing strenuous activities such as climbing stairs and performing manual tasks. Her disability also impacts major life activities such as sleeping, breathing, learning, reading, concentrating, thinking, communicating, and working. Plaintiff's disability did not affect her employment or her ability to perform the essential functions of her job at any time throughout the entirety of her employment, and Plaintiff performed her job at or in excess of the reasonable expectations of her employer at all times relevant, as evidenced by *inter alia* performance reviews and promotions. Despite the grave impact of her disability, Plaintiff attempted to mitigate the progression of her disability through taking natural supplements.

17.     On or about October 8, 2021, Plaintiff placed her immediate supervisor and the USACE EEO Office on notice that Plaintiff would be submitting accommodation requests to USACE's mandatory COVID-19 vaccination policy (the "Policy") based on her sincerely held religious beliefs as well as her medically documented disability. *See* Exhibits 1–2.

18.     On or about October 26, 2021, Plaintiff submitted a list of questions she had about the Policy to her immediate supervisor and USACE's Office of General Counsel—both of whom wholly ignored Plaintiff and otherwise refused to answer her questions or respond to her concerns. The only information Plaintiff was provided pertained to her "rights to file a grievance, whistleblower complaint with the IG or OSC, file an EEO complaint, or MSPB appeal." *See* Exhibit 3.

19.     During that same month, Plaintiff advises her immediate supervisor on at least two (2) separate occasions that the Policy and USACE's actions related thereto began causing Plaintiff's health, personal life, and mental well-being to deteriorate and USACE's refusal to honor her rights to be free from workplace discrimination began causing her to suffer emotional duress. Plaintiff pointed out that she was able to perform the essential functions of her job dispute being forced to work under duress due to reasonable concern of the incessant threat of losing her job and livelihood because I choose to exercise her fundamental rights to free exercise and to be free of workplace discrimination on the basis of her sincerely held religious beliefs and her disability. *See* Exhibit 4.

20.     On or about November 9, 2021, Plaintiff notified her immediate supervisor that she was actively undergoing medical testing as an accommodation for her disability. Specifically, Plaintiff underwent cardiovascular testing for approximately six (6) months, continuing to be tested until April 2022, and all results of such testing supported her position that she was indeed, lawfully entitled to a disability accommodation to the Policy. Her physician also stated to a reasonable degree of medical certainty that, his expert opinion is that the risks of receiving the COVID-19 vaccine outweighed the benefits of receiving the vaccine and therefore, Plaintiff was entitled to be accommodated to the Policy under state and federal law.

21.    Despite her medical evidence and her physician's expert opinion, USACE still refused to provide Plaintiff even a channel through which she could submit a request for a disability accommodation to the Policy, let alone did USACE actually provide Plaintiff the disability accommodation to the policy she was lawfully entitled to receive. *See* Exhibit 6.

*22.*    On or about November 18, 2021, Plaintiff submitted her request for a religious accommodation based on her sincerely held religious beliefs. *See id.*

23.    On or about November 22, 2021, USACE's EEO acknowledged receipt of Plaintiff's request for a religious accommodation. *See id.*

24.    In approximately January of 2022, Plaintiff's supervisor advised that, in order to receive a religious accommodation, Plaintiff was required to submit a "Vaccine Attestation Form"; otherwise, Plaintiff's failure to do so would culminate in her already-submitted religious accommodation request being denied any review, let alone any approval. This was new information to Plaintiff because at the time she submitted her religious accommodation request two months prior in November of 2021, there was no such requirement.

25.    Later that same month, Plaintiff received an unsolicited and undesirable phone call from her second in command who wanted to discuss her religious accommodation and Plaintiff's sincerely held religious beliefs in an attempt to elicit statements or additional information from Plaintiff. Plaintiff's second in command was not entitled to such information, and the information sought was desired for the sole basis of hoping to obtain some sort of statement that would support USACE's feverish desire to deny every accommodation request submitted. After her second in command's efforts failed, he threatened her and otherwise attempted to coerce Plaintiff into providing him with additional information by stating that he "would hate to lose [Plaintiff] as an employee if [she] didn't comply" with the Policy.

26. In March of 2022, USACE Agency FRAGORD 14 was distributed to Plaintiff. FRAGORD 14, among other things, provided guidance stating that Commanders, DMOs, and supervisors are directed to cease using the accommodation request forms that had been used for months and that a new process for accepting requests for accommodations to USACE's mandatory COVID-19 vaccination policy had been implemented.

27. This "new process", however, was futile in that the text of FRAGOD 14 also included a provision that expressly prohibited Plaintiff from participating in any TDY travel[1]— one of the specific functions of her job for which she sought an accommodation in the first place.

28. The reason Plaintiff sought to obtain an accommodation to USACE's mandatory vaccination policy and thereby obtain permission to engage in her already-approved TDY travel is because TDY travel is not only a highly important duty of her job, but also, TDY travel is an essential component of any viable or competitive application for promotion or career advancement within USACE. In other words, if Plaintiff was prohibited from satisfying and completing this job duty, her ability to obtain any promotion(s) thereafter became extremely impaired, and most likely, entirely vitiated.

29. To make matters even more egregious, the "new process" USACE implemented involved a slew of unlawful measures, including *inter alia* the requirement that anyone seeking an accommodation would be required to put their information into a tracker that made sensitive medical information and other personal, private religious information about her religious beliefs available to an unknown number of unnecessary and unauthorized persons.

30. Due to the combination of multiple factors (e.g., (1) the clause expressly prohibiting Plaintiff from engaging in TDY travel set forth in FRAGORD 14; and (2) the inability to submit

---

[1] "TDY travel" is defined as temporary duty travel.

an accommodation request without allowing unauthorized persons access to her information), USACE discriminated against Plaintiff further and stripped her of a large and very significant portion of her job duties. *See* Exhibit 7.

31.     The reason USACE stripped Plaintiff of her duties was due to the fact that USACE wanted to hinder her ability to advance in her career because Plaintiff exercised her rights, and also because USACE wanted to constructively coerce or force Plaintiff to succumb to its demand that she become vaccinated against COVID-19 in violation of both, her sincerely held religious beliefs and her doctor's professional, well-documented expert opinion on the risks that outweigh the benefits of receiving the vaccine.

32.     On or about April 14, 2022, Plaintiff attended an in-person meeting with her local EEO representative and her immediate supervisor to discuss the Policy and the related sequalae of issues arising out of USACE's discriminatory enforcement thereof and violations of anti-discrimination laws prohibiting workplace discrimination on the basis of her sincerely held religious beliefs and her disability. During this meeting, Plaintiff advised that she intended to file a Complaint regarding the aforesaid discrimination. *See* Exhibit 8.

33.     On or about June 6, 2022, Plaintiff filed her first formal EEO complaint with USACE's EEO Manager via email. *See* Exhibit 9.

34.     On or about April 25, 2022, Plaintiff notified her supervisor via email that her upcoming already-approved TDY travel had been rescinded. Plaintiff's supervisor responded, advising that "SAJ is approving travel for those seeking an exemption to the vaccine mandate by filing for a reasonable accommodation. I will fully support if you decide to file" — which was concerning as Plaintiff had already submitted a request for a religious accommodation, and her

request had been acknowledged as received by the USACE's EEO in November 2021. *See* Exhibit 10.

35.     On or around June 1, 2022, Plaintiff notified her acting supervisor via email that for the second time, her previously approved TDY travel had been unjustifiably, discriminatorily and retaliatorily rescinded. *See* Exhibit 11.

<div align="center">

**COUNT I**
**DISABILITY DISCRIMINATION**
**Violation of the ADA**

</div>

36.     Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

37.     Plaintiff is a disabled person within the meaning of 42 U.S.C. § 12102(1).  Plaintiff suffers from a cardiovascular disorder, which is a physical or mental impairment that substantially limits one or more of Plaintiff's major life activities, such as performing manual tasks, eating, sleeping, breathing, learning, reading, concentrating, thinking, communicating, and working. Defendant also regarded Plaintiff as having such an impairment as defined by 42 U.S.C. §§ 12102(1)(C), 3(A).

38.     Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8). Plaintiff, with or without a reasonable accommodation, can perform the essential functions of emergency management Specialist, GS-0089-11 based factors including but not limited to, her education, experience, performance reviews, and promotional record.[2]

39.     Plaintiff, at all times relevant to this action, was an employee within the meaning of 42 U.S.C. § 12111(4).

---

[2] Plaintiff consistently earned promotions prior to the events giving rise to this action. The discriminatory misconduct complained of herein culminated in the stifling of her continued promotional trajectory due to *inter alia* the lack of TDY travel time and experience.

40. Defendant, at all times relevant to this action, was Plaintiff's employer within the meaning of 42 U.S.C. § 12111(5). Defendant, as head of the United States Army and its sub-agency, USACE, engaged in an industry affecting commerce and has more than 25 employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

41. Defendant, at all times relevant to this action, was an agent of Plaintiff's employer, USACE, within the meaning of 42 U.S.C. § 12111(5).

42. Defendant had actual knowledge or constructive knowledge of Plaintiff's disability at all times relevant to this action, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's disability; discussed Plaintiff's need for accommodations; examined, reviewed, or possessed medical evidence of Plaintiff's disability; and received Plaintiff's numerous requests for a disability accommodation.

43. Defendant purposefully, willfully, intentionally, or recklessly subjected Plaintiff to a hostile work environment by engaging in a series of actions, including:

   a. Harassing Plaintiff because of her disability;

   b. Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

   c. Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

   d. Targeting Plaintiff and attempting to constructively oust her because of her disability;

   e. Refusing to allow Plaintiff to seek a medical accommodation;

f.   Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g.   Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h.   Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.   Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j.   Threatening Plaintiff;

k.   Publicizing that Plaintiff was disabled to one or more persons;

l.   Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m.   Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

44.    Defendant committed the aforesaid acts or omissions with the intent to humiliate, ridicule, and insult Plaintiff.

45.     The aforesaid adverse employment actions occurred because Plaintiff requested an accommodation and/or engaged in protected activity by requesting an accommodation for her disability by protesting Defendant's insistence on violating her physician's direct orders to abstain from receiving the COVID-19 vaccine.

46.     All allegations set forth herein violate the ADA.

47.     As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,001.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## COUNT II
### DISPARATE TREATMENT
### Violation of the D.C. Human Rights Act

48.     Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

49.     Plaintiff is a disabled person, a member of a protected class, and a qualified individual as intended by the D.C. Human Rights Act.

50.     Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the D.C. Human Rights Act.

51.     Defendant had actual or constructive knowledge of Plaintiff's disability at all times relevant to this action.

52.     Plaintiff experienced adverse employment action and a materially adverse change in the terms and conditions of his employment based on the allegations articulated above and duly incorporated by reference herein.

53.     Defendant committed such actions with the intent to humiliate, ridicule, and occurred because Plaintiff requested an accommodation and engaged in protected activity.

54.     All allegations set forth herein violate the D.C. Human Rights Act.

55.     As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,001.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## COUNT III
### DISPARATE TREATMENT
### Violation of Title VII

56.     Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

57.     Plaintiff is a religious person, a member of a protected class, and qualified individual as intended by Title VII.

58.     Plaintiff is an employee and Defendant is Plaintiff's employer as intended by Title VII.

59.     Defendant had actual or constructive knowledge of Plaintiff's sincerely held religious beliefs at all times relevant to this action.

60.     Plaintiff experienced adverse employment action and a materially adverse change in the terms and conditions of her employment based on her sincerely held religious beliefs, including:

    a.  Harassing Plaintiff because of her disability;

    b.  Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

13

c.  Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

d.  Targeting Plaintiff and attempting to constructively oust her because of her disability;

e.  Refusing to allow Plaintiff to seek a medical accommodation;

f.  Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g.  Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h.  Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.  Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j.  Threatening Plaintiff;

k.  Publicizing that Plaintiff was disabled to one or more persons;

l.  Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m.  Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

61.  Defendant committed such actions with the intent to humiliate, ridicule, and occurred because Plaintiff requested an accommodation and engaged in protected activity, including the exercise of her fundamental right to freely exercise her religion and be free from workplace discrimination based on her religion.

62.  All allegations set forth herein violate Title VII.

63.  As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,001.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

<div align="center">

**COUNT IV**
**DISPARATE TREATMENT**
**Violation of the Rehabilitation Act**

</div>

64.  Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

65.  Plaintiff is a disabled person, a member of a protected class, and qualified individual as intended by The Rehabilitation Act.

66.  Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the Rehabilitation Act.

67.  Defendant had actual or constructive knowledge of Plaintiff's disability at all times relevant to this action.

68.     Plaintiff experienced adverse employment action and a materially adverse change in the terms and conditions of his employment based on her disability, including:

a.  Harassing Plaintiff because of her disability;

b.  Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

c.  Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

d.  Targeting Plaintiff and attempting to constructively oust her because of her disability;

e.  Refusing to allow Plaintiff to seek a medical accommodation;

f.  Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g.  Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h.  Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.  Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

     j.    Threatening Plaintiff;

     k.    Publicizing that Plaintiff was disabled to one or more persons;

     l.    Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

     m.    Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

69.     Defendant committed such actions with the intent to humiliate, ridicule, and occurred because Plaintiff requested an accommodation and engaged in protected activity.

70.     All allegations set forth herein violate The Rehabilitation Act.

71.     As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

### COUNT V
**FAILURE TO ACCOMMODATE**
**Violation of the ADA**

72.     Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

73.     Plaintiff is a disabled person as intended by the ADA.

74.     Plaintiff is qualified to perform the essential functions of her job if provided a reasonable accommodation by her employer.

75.    Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the ADA.

76.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's disability; discussed Plaintiff's need for reasonable accommodation; examined, reviewed, or possessed medical evidence of Plaintiff's disability, and received Plaintiff's numerous requests asking for such accommodation.

77.    Defendant knowingly, intentionally, recklessly, negligently, or by gross negligence, discriminated against Plaintiff because of her disability by failing or refusing to provide Plaintiff a reasonable accommodation.

78.    Providing Plaintiff such accommodation would not cause Defendant to incur undue hardship, either financially or otherwise.

79.    All allegations set forth herein violate the ADA.

80.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,001.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

<div align="center">

**COUNT VI**
**FAILURE TO ACCOMMODATE**
**Violation of the D.C. Human Rights Act**

</div>

81.    Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

82.    Plaintiff is a disabled person as intended by the D.C. Human Rights Act.

83.    Plaintiff is qualified to perform the essential functions of his job if provided a reasonable accommodation by his employer.

84.    Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the D.C. Human Rights Act.

85.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge.

86.    Defendant knowingly, intentionally, recklessly, negligently, or by gross negligence, discriminated against Plaintiff because of his disability by failing or refusing to provide Plaintiff a reasonable accommodation.

87.    Providing Plaintiff such accommodation would not cause Defendant to incur undue hardship, either financially or otherwise.

88.    All allegations set forth herein violate the D.C. Human Rights Act.

89.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,001.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## COUNT VII
### FAILURE TO ACCOMMODATE
### Violation of Title VII

90.    Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

91.    Plaintiff is a disabled person as intended by Title VII.

92.    Plaintiff is qualified to perform the essential functions of her job if provided a reasonable accommodation by his employer.

93.     Plaintiff is an employee and Defendant is Plaintiff's employer as intended by Title VII.

94.     Defendant had notice of Plaintiff's disability through actual or constructive knowledge.

95.     Defendant knowingly, intentionally, recklessly, negligently, or by gross negligence, discriminated against Plaintiff because of her disability by failing or refusing to provide Plaintiff a reasonable accommodation.

96.     Providing Plaintiff such accommodation would not cause Defendant to incur undue hardship, either financially or otherwise.

97.     All allegations set forth herein violate Title VII.

98.     As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

<u>**COUNT VIII**</u>
**FAILURE TO ACCOMMODATE**
**Violation of the Rehabilitation Act**

99.     Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

100.     Plaintiff is a disabled person as intended by the Rehabilitation Act.

101.     Plaintiff is qualified to perform the essential functions of her job if provided a reasonable accommodation by his employer.

102.     Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the Rehabilitation Act.

103.    Defendant\ had notice of Plaintiff's disability through actual or constructive knowledge.

104.    Defendant knowingly, intentionally, recklessly, negligently, or by gross negligence, discriminated against Plaintiff because of his disability by failing or refusing to provide Plaintiff a reasonable accommodation.

105.    Providing Plaintiff such accommodation would not cause Defendant to incur undue hardship, either financially or otherwise.

106.    All allegations set forth herein violate the Rehabilitation Act.

107.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

### COUNT IX
#### HOSTILE WORK ENVIRONMENT
#### Violation of the ADA

108.    Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

109.    Plaintiff is a disabled person as intended by the ADA.

110.    Plaintiff is qualified to perform the essential functions of his job if provided a reasonable accommodation by his employer.

111.    Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the ADA.

112.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's

disability; discussed Plaintiff's need for reasonable accommodation; examined, reviewed, or possessed medical evidence of Plaintiff's disability, and received Plaintiff's numerous requests asking for such accommodation.

113.    Defendant, with the intent to intimidate, ridicule, and insult Plaintiff, created a hostile and abusive work environment by committing the acts or omissions articulated above, including:

a.    Harassing Plaintiff because of her disability;

b.    Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

c.    Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

d.    Targeting Plaintiff and attempting to constructively oust her because of her disability;

e.    Refusing to allow Plaintiff to seek a medical accommodation;

f.    Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g.    Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h.  Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.  Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j.  Threatening Plaintiff;

k.  Publicizing that Plaintiff was disabled to one or more persons;

l.  Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m.  Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

114.    The aforesaid adverse employment actions occurred because Plaintiff requested an accommodation and engaged in protected activity.

115.    All allegations set forth herein violate the ADA.

116.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,001.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

//

//

//

## COUNT X
### HOSTILE WORK ENVIRONMENT
### Violation of the D.C. Human Rights Act

117.    Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

118.    Plaintiff is a disabled person as intended by the D.C. Human Rights Act.

119.    Plaintiff is qualified to perform the essential functions of her job if provided a reasonable accommodation by his employer.

120.    Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the D.C. Human Rights Act.

121.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's disability; discussed Plaintiff's need for reasonable accommodation; examined, reviewed, or possessed medical evidence of Plaintiff's disability, and received Plaintiff's numerous requests asking for such accommodation.

122.    Defendant, with the intent to intimidate, ridicule, and insult Plaintiff, created a hostile and abusive work environment by committing the acts or omissions articulated above, including:

a.  Harassing Plaintiff because of her disability;

b.  Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

c.  Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

24

d. Targeting Plaintiff and attempting to constructively oust her because of her disability;

e. Refusing to allow Plaintiff to seek a medical accommodation;

f. Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g. Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h. Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i. Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j. Threatening Plaintiff;

k. Publicizing that Plaintiff was disabled to one or more persons;

l. Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m. Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

123.    The aforesaid adverse employment actions occurred because Plaintiff requested an accommodation and engaged in protected activity.

124.    All allegations set forth herein violate the D.C. Human Rights Act.

125.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## COUNT XI
### HOSTILE WORK ENVIRONMENT
### Violation of Title VII

126.    Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

127.    Plaintiff is a disabled person as intended by Title VII.

128.    Plaintiff is qualified to perform the essential functions of his job if provided a reasonable accommodation by his employer.

129.    Plaintiff is an employee and Defendant are Plaintiff's employer as intended by Title VII.

130.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's disability; discussed Plaintiff's need for reasonable accommodation; examined, reviewed, or possessed medical evidence of Plaintiff's disability, and received Plaintiff's numerous requests asking for such accommodation.

131.    Defendant, with the intent to intimidate, ridicule, and insult Plaintiff, created a hostile and abusive work environment by committing the acts or omissions articulated above.

132.    The aforesaid adverse employment actions occurred because Plaintiff requested an accommodation and engaged in protected activity.

133.    All allegations set forth herein violate the Title VII.

134.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## COUNT XII
### HOSTILE WORK ENVIRONMENT
### Violation of the Rehabilitation Act

135.    Plaintiff incorporates all preceding and subsequent paragraphs hereto as if fully set forth herein.

136.    Plaintiff is a disabled person as intended by the Rehabilitation Act.

137.    Plaintiff is qualified to perform the essential functions of his job if provided a reasonable accommodation by his employer.

138.    Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the Rehabilitation Act.

139.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's disability; discussed Plaintiff's need for reasonable accommodation; examined, reviewed, or possessed medical evidence of Plaintiff's disability, and received Plaintiff's numerous requests asking for such accommodation.

140.    Defendant, with the intent to intimidate, ridicule, and insult Plaintiff, created a hostile and abusive work environment by committing the acts or omissions articulated above, including:

a. Harassing Plaintiff because of her disability;

b. Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

c. Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

d. Targeting Plaintiff and attempting to constructively oust her because of her disability;

e. Refusing to allow Plaintiff to seek a medical accommodation;

f. Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g. Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h. Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.  Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j.  Threatening Plaintiff;

k.  Publicizing that Plaintiff was disabled to one or more persons;

l.  Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m.  Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

141.    The aforesaid adverse employment actions occurred because Plaintiff requested an accommodation and engaged in protected activity.

142.    All allegations set forth herein violate the Rehabilitation Act.

143.    As a direct and proximate result of Defendant's actions or omissions, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

### COUNT XIII
**RETALIATION**
**Violation of the ADA**

144.    Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

145.    Plaintiff is a disabled person as intended by the ADA.

146.    Plaintiff is qualified to perform the essential functions of his job if provided a reasonable accommodation by his employer.

147.    Plaintiff is an employee and Defendant is Plaintiff's employer as intended by the ADA.

148.    Defendant had notice of Plaintiff's disability through actual or constructive knowledge, in that Defendant previously accommodated Plaintiff's disability; discussed Plaintiff's disability; discussed Plaintiff's need for reasonable accommodation; examined, reviewed, or possessed medical evidence of Plaintiff's disability, and received Plaintiff's numerous requests asking for such accommodation.

149.    Plaintiff engaged in protected activity by requesting an accommodation for his disability, and by protesting Defendant's unlawful discriminatory and harassing conduct.

150.    Defendant purposefully, willfully, intentionally, or recklessly retaliated against Plaintiff by engaging in a series of adverse actions, including:

    a.  Harassing Plaintiff because of her disability;

    b.  Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

    c.  Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

    d.  Targeting Plaintiff and attempting to constructively oust her because of her disability;

    e.  Refusing to allow Plaintiff to seek a medical accommodation;

f.   Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g.   Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h.   Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.   Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j.   Threatening Plaintiff;

k.   Publicizing that Plaintiff was disabled to one or more persons;

l.   Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m.   Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

151.   Defendant's aforesaid acts or omissions were committed with the intent to humiliate, ridicule, and insult Plaintiff.

152.    Defendant's retaliation against Plaintiff as a result of his opposition to the aforesaid disability discrimination and engagement in protected activity violates ADA.

153.    As a direct and proximate result of Defendant's retaliation, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## COUNT XIV
### RETALIATION
### Violation of the D.C. Human Rights Act

154.    Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

155.    Defendant engaged in systemic retaliation against Plaintiff because he protested, opposed, and/or spoke out against Defendant's disability discrimination.

156.    Defendant's aforesaid retaliatory action was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

157.    In retaliation for engaging in protected activity, Defendant subjected Plaintiff to adverse employment action as articulated above.

158.    Defendant's retaliation against Plaintiff as a result of his opposition to the aforesaid disability discrimination and engagement in protected activity violates the D.C. Human Rights Act.

159.    As a direct and proximate result of Defendant's retaliation, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

### COUNT XV
**RETALIATION**
**Violation of Title VII**

160.    Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

161.    Defendant engaged in systemic retaliation against Plaintiff because he protested, opposed, and/or spoke out against Defendant's disability discrimination.

162.    Defendant's aforesaid retaliatory action was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

163.    In retaliation for engaging in protected activity, Defendant subjected Plaintiff to adverse employment action as articulated above.

164.    Defendant's retaliation against Plaintiff as a result of his opposition to the aforesaid disability discrimination and engagement in protected activity violates Title VII.

165.    As a direct and proximate result of Defendant's retaliation, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

### COUNT XVI
**RETALIATION**
**Violation of the Rehabilitation Act**

166.    Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

167.    Defendant engaged in systemic retaliation against Plaintiff because he protested, opposed, and/or spoke out against Defendant's disability discrimination.

168.     Defendant's aforesaid retaliatory action was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights.

169.     In retaliation for engaging in protected activity, Defendant subjected Plaintiff to adverse employment action as articulated above.

170.     Defendant's retaliation against Plaintiff as a result of his opposition to the aforesaid disability discrimination and engagement in protected activity violates the Rehabilitation Act.

171.     As a direct and proximate result of Defendant's retaliation, Plaintiff sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

### COUNT XVII
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**District of Columbia Common Law**

172.     Plaintiff incorporates by reference all preceding and subsequent paragraphs hereto as if fully set forth herein.

173.     Defendant engaged in extreme and outrageous conduct by:

a.   Harassing Plaintiff because of her disability;

b.   Coercing, intimidating, threatening, and otherwise restricting Plaintiff by prohibiting her from returning to work;

c.   Refusing to accommodate Plaintiff by ordering her to work from home despite the availability, use, and implementation of other COVID-19 mitigation protocols (e.g., alternative to vaccination) such as testing, masking, and social distancing;

d.   Targeting Plaintiff and attempting to constructively oust her because of her disability;

e.  Refusing to allow Plaintiff to seek a medical accommodation;

f.  Refusing to accept, review, or respond to Plaintiff's voluminous attempts to submit a medical accommodation request;

g.  Fabricating, manufacturing, altering, forging, or otherwise creating falsified documents, including DD Form 3176, which was promulgated in October 2021 and expired in April of 2022—well prior to the date USACE attempted to force Plaintiff to complete the obsolete form, which USACE attempted to use as an obstacle to obtaining her lawfully entitled medical accommodation;

h.  Unilaterally setting a deadline for which Plaintiff was permitted to exercise her fundamental right to be free from discrimination in the workplace on the basis of her disability;

i.  Refusing to review, acknowledge, or respond to Plaintiff's request for an accommodation;

j.  Threatening Plaintiff;

k.  Publicizing that Plaintiff was disabled to one or more persons;

l.  Substantially altering the terms of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel; and

m.  Substantially altering the conditions of her employment by revoking duties and tasks that are necessary and required for career-advancement, such as completion and participation in TDY travel.

174.  As a direct and proximate result of Defendant's aforesaid intentional or reckless conduct, Plaintiff suffered extreme emotional distress resulting in physical manifestations of

symptoms including but not limited to, loss of sleep, weight gain, upset stomach and related abdominal pain, and loss of appetite, sustained economic injuries in amount in excess of $75,000.00, including the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, and has incurred medical expenses, attorneys' fees, and costs associated with this action.

## ATTORNEY'S FEES

175.    Plaintiff is entitled to an award of attorney's fees and reimbursement of the costs and expenses incurred in relation to prosecuting this action pursuant to Title VII, 42 U.S.C. § 2000e-5(k) as well as other applicable statutory provisions under which this action is brought.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in Plaintiff's favor, and award Plaintiff such relief as to make Plaintiff whole and remedy the aforesaid violations; and hold Defendant liable and in doing so, award all legal and equitable relief provided by law, including but not limited to:

a.  Temporary injunctive relief providing Plaintiff with a reasonable accommodation and otherwise non-hostile work environment;

b.  Declaratory relief finding Defendant's actions in discriminating against her in the workplace are unconstitutional;

c.  Injunctive relief providing Plaintiff with a reasonable accommodation and otherwise non-hostile work environment;

d.  Compensatory damages for the injuries sustained and the medical bills and costs incurred in an amount in excess of $75,000.00;

e.  Punitive damages, but not against the District of Columbia, in an amount to be determined at trial;

f.  An award of reasonable attorney's fees and litigation costs; and

g.  Any such other relief this Honorable Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 17, 2023

<div style="margin-left:40%">

Respectfully submitted,

/S/ MICHAEL A. YODER
Michael A. Yoder
LAW OFFICE OF MICHAEL A. YODER, PLLC
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (202) 595-4504
Fax: (571) 327-5554
michael@yoderesq.com

*Counsel for Plaintiff*

</div>