UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY FOSTER,<br><br>    *Plaintiff*,<br><br>v.<br><br>DANIEL DRISCOLL,<br>Secretary of the Army,<br><br>    *Defendant*. | Civil Action No. No. 23-1409 (AHA) |

**Memorandum Opinion**

Plaintiff Ashley Foster sues the Secretary of the Army Daniel Driscoll in her official capacity alleging religious discrimination in violation of Title VII and disability discrimination in violation of the Rehabilitation Act. The wary moves to dismiss, arguing that Foster's complaint fails to state a claim. The Court agrees and grants the motion to dismiss.

**I.  Background[1]**

The complaint alleges Foster worked as an emergency management specialist with the U.S. Army Corps of Engineers ("USACE"). ECF No. 1 ¶ 3. In response to the COVID-19 pandemic, USACE adopted a vaccination policy. *Id.* ¶ 17. In 2021, Foster told her supervisor and the agency's Equal Employment Opportunity Office that she would be submitting requests for accommodation related to the vaccination policy based on her sincerely held religious beliefs and disability. *Id.* In September and October of 2021, she informed her supervisor about her religious beliefs and that she had tachycardia, a cardiovascular impairment that limited her ability to rest, sit up, stand, and

---

[1] As required at the pleading stage, the Court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in Foster's favor.

perform strenuous activities. *Id*. ¶ 16–17. She also told her supervisor that she was undergoing cardiovascular testing. *Id*. ¶ 20. That testing resulted in a medical opinion that the risks of Foster receiving the COVID-19 vaccine outweighed the benefits. *Id*.

Foster submitted a request for religious accommodation in November 2021. *Id*. ¶ 22. A few months later, she was advised to submit a "Vaccine Attestation Form" to obtain religious accommodation. *Id*. ¶ 24. The complaint does not provide any details about that form or indicate whether Foster submitted it. Later that same month, a supervisor called Foster to elicit additional information about her request for religious accommodation, stating that he "would hate to lose Plaintiff as an employee if she didn't comply" with the agency's policy. *Id*. ¶ 25. Foster did not submit an accommodation request related to disability. She alleges that when she first raised her intent to do so, USACE refused to provide "a channel through which she could submit a request for a disability accommodation." *Id.* ¶ 21. The complaint does not indicate that USACE took any actions related to Foster's conditions of employment during this period.

In March 2022, USACE announced a new process for accommodation requests related to its vaccination policy. *Id.* ¶ 26. Foster viewed the new process as "futile" because people who were granted an accommodation would no longer be able to participate in temporary duty travel, which is "a highly important duty of her job" and "an essential component of any viable or competitive application for promotion or career advancement." *Id.* ¶ 27–28. Foster also objected to the new process because it required people seeking an accommodation to share their private religious and medical information in a system "available to an unknown number of unnecessary and unauthorized persons." *Id.* ¶ 29.

Around April 2022, USACE canceled temporary duty travel that Foster had scheduled. *Id.* ¶ 34. When Foster told her supervisor about this, he advised Foster that the agency "is approving

travel for those seeking an exemption to the vaccine mandate by filing for a reasonable accommodation" and that he would "fully support" this if she decided to file the accommodation request. *Id*. In June 2022, USACE canceled Foster's temporary duty travel a second time. *Id.* ¶ 35.

Foster filed an administrative complaint a few days later and, after receiving the agency's decision finding no discrimination, she filed this suit. *Id.* ¶¶ 15, 33. The Secretary has moved to dismiss for failure to state a claim under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56.

**II.   Discussion**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Foster's complaint lists seventeen counts; however, after the Secretary observed that Counts I, II, V, VI, IX, X, XIII, XIV, and XVII did not provide a cause of action against the United States, Foster voluntarily dismissed them. ECF Nos. 13-1 at 2, 15 at 5. Her remaining claims assert failure to accommodate, disparate treatment, hostile work environment, and retaliation based on religion under Title VII and based on disability under the Rehabilitation Act. The Court accordingly considers whether the complaint plausibly states each of those claims.

### A. Foster Has Not Stated Claims For Failure To Accommodate.

The complaint asserts claims of failure to accommodate religion and disability under Title VII and the Rehabilitation Act, respectively (Counts VII and VIII). "Title VII of the Civil Rights Act of 1964 requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.'" *Groff v. DeJoy*, 600 U.S. 447, 453–54 (2023) (quoting 42 U.S.C. § 2000e(j)). To show a *prima facie* failure to accommodate under Title VII, a plaintiff must show "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 95 & n.22 (D.D.C. 2006) (recognizing that the D.C. Circuit has indicated its approval of this framework). "[A]n employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss." *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011). A plaintiff must, however, plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). A failure-to-accommodate claim under the Rehabilitation Act similarly requires a plaintiff to plausibly allege "(i) she was disabled within the meaning of the Rehabilitation Act; (ii) her employer had notice of her disability; (iii) she was able to perform the essential functions of her job with or without reasonable accommodation; and (iv) her employer denied her request for a reasonable accommodation of that disability." *Solomon v. Vilsack*, 763 F.3d 1, 9 (D.C. Cir. 2014) (citations omitted).

Drawing all inferences in Foster's favor, one can reasonably infer from the complaint that Foster was frustrated in her efforts to seek an accommodation when USACE first adopted a vaccine

policy. Foster complains that, after informing USACE of her request for religious accommodation, she was required to submit a "Vaccine Attestation Form" (which she apparently did not complete) and, after stating her intent to seek a disability accommodation, she was initially not given a channel to formally notify USACE of her request. ECF No. 1 ¶¶ 21–24. Even accepting these facts, however, Foster makes no allegation as to how USACE failed to accommodate Foster in any way during this period—the complaint indicates that Foster was able to remain unvaccinated, and there is no indication of any disciplinary action or changes to the conditions of her employment.

When USACE later adopted a new process to request an accommodation from the vaccine requirement in March 2022, Foster did not request one based on her religion or disability. *Id.* ¶¶ 24, 27. Although her complaint states that she viewed the accommodation process as "futile," the sole basis asserted to support this is that Foster believed an exemption would prevent her from temporary duty travel. *Id.* ¶ 27. That particular objection is contradicted by later allegations that her supervisor advised her that people with exemptions could be approved for temporary travel and stated he would "fully support" her in seeking an exemption. *Id.* ¶ 34. And, in any event, Foster cannot now allege failure to accommodate when she never requested an accommodation in the first place under procedures available to do so. *See Flemmings v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999) ("An underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied.").[2]

The Secretary's motion to dismiss raised Foster's failure to seek accommodation through the vaccination exemption process, and Foster did not address this issue in her response brief. ECF No. 13-1 at 19. The Court accordingly finds the issue conceded. *Hopkins v. Women's Div., Gen.*

---

[2] Foster's complaint refers to supporting exhibits throughout, but she did not attach any to her complaint. The Secretary pointed this out in the motion to dismiss, but Foster did not address it in her reply brief. ECF No. 13-1 at 4 n.5.

*Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citation omitted) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).[3]

### B. Foster Has Not Stated Claims For Disparate Treatment Or Retaliation.

Foster also alleges disparate treatment based on her religion and disability in violation of Title VII and the Rehabilitation Act, respectively (Counts III and IV). To prevail on a disparate treatment clam under Title VII or the Rehabilitation Act, a plaintiff must show (i) they suffered an adverse employment action (ii) because of their protected characteristic or disability. *See* 42 U.S.C. § 2000e–16(a); 29 U.S.C. §§ 701 *et seq.*; *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). As noted above, the plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss but still must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Harris*, 791 F.3d at 68 (quoting *Iqbal*, 556 U.S. at 678).

Both Title VII and the Rehabilitation Act also prohibit retaliation for protected activity—namely, discriminating against an employee because the employee has "made a charge, testified, assisted, or participated in any manner in an investigation." 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a). A plaintiff claiming retaliation under Title VII or the Rehabilitation Act must show they suffered (i) a materially adverse action (ii) because they had brought or threatened to bring a discrimination claim. *Baloch*, 550 F.3d at 1198. A "materially adverse action" is one that would

---

[3] The Secretary further argues that, notwithstanding Foster's failure to seek an exemption, USACE provided Foster with a reasonable accommodation "because she was permitted, and in fact did, telework." ECF No. 13-1 at 19. Foster does not respond to this argument, and it is therefore conceded as well.

have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

It appears Foster's disparate treatment and retaliation claims stem largely, if not exclusively, from the same frustrations with the accommodation process that underpin her failure to accommodate claim, as those facts make up the entirety of the complaint's factual allegations. Insofar as that is the case, Foster's disparate treatment claims are dismissed as duplicative. *See Sandler v. Blinken*, No. 21-cv-2226, 2022 WL 4547557, at *7 (D.D.C. Sept. 29, 2022) (dismissing any intentional discrimination or retaliation claims under the Rehabilitation Act as duplicative of failure-to-accommodate claim); *Cogdell v. Murphy*, No. 19-cv-2462, 2020 WL 6822683, at *9 n.5 (D.D.C. Nov. 20, 2020) (declining to consider alleged denial of reasonable accommodation as a separate claim for purposes of intentional disability discrimination).

In the complaint's two causes of action for disparate treatment, Foster pleads the element of adverse employment action, followed by thirteen bullets of conclusory allegations, including that she was subject to behavior that constituted "[h]arassing," "coercing," "targeting," "[f]abricating, manufacturing, altering, forging, or otherwise creating falsified documents," "threatening," and "publicizing" information about her. ECF No 1. ¶¶ 60, 68. Foster's retaliation counts likewise conclusorily assert that USACE "engaged in systemic retaliation." *Id.* ¶¶ 161, 167. However, none of those allegations are accompanied by any specific factual basis there or elsewhere in the complaint. That these are conclusory, and not pled with specific factual basis, is clear from the fact that the very same list of conclusory allegations was copied and pasted from the count for disparate treatment based on disability to the count for disparate treatment based on religion (even forgetting to change the word "disability" to "religion" in several instances between the two counts). *Id.* ¶¶ 60, 68.

Of the pasted list of statements in the disparate treatment counts, the only ones with any factual specificity are "[r]efusing to accommodate Plaintiff by ordering her to work from home" and limiting Foster's "participation in [temporary duty] travel." *Id.* As described above, the complaint alleges Foster did not pursue the accommodation process available to her, so these allegations do not plausibly state a claim for discrimination. In addition, the complaint lacks any description of the circumstances of USACE's work-from-home policy or how it was applied to Foster. And there are no allegations to support the inference that either the work-from-home policy or the restrictions on temporary duty travel were imposed because of her religion or disability, or in retaliation for her raising her religion or disability. *See Hollingsworth v. Vilsack*, No. 23-cv-2427, 2024 WL 4332118, at *10 (finding that the Court "cannot infer discrimination on the basis of a protected characteristic from nothing" when the plaintiff "provides no facts relevant to motive at all" and does not "connect" the adverse action at issue with her protected characteristic). The Court accordingly finds that Foster has failed to adequately plead disparate treatment or retaliation under Title VII or the Rehabilitation Act.[4]

### C. Foster Has Not Stated Claims For Hostile Work Environment.

Foster's hostile work environment claims under Title VII and the Rehabilitation Act fail for similar reasons. For a hostile work environment claim under Title VII, "a plaintiff must show that his employer subjected him to 'discriminatory intimidation, ridicule, and insult' that is

---

[4] The Secretary moved for summary judgment, in the alternative to dismissal for failure to state a claim. ECF No. 13. In support, the Secretary filed a statement of undisputed facts and evidence indicating the pause in temporary duty travel during the pandemic did not affect Foster's career development and that, to the contrary, Foster was twice promoted during the pandemic—first to permanent employee and again during a competitive process—and resumed temporary duty travel shortly after. ECF No. 13-5 at ¶¶ 8–9. The Court finds no need to treat the Secretary's motion as one for summary judgment given that the complaint fails to state a claim on its face. The Court notes, however, that Foster has conceded these points by failing to respond to the Secretary's statement of undisputed facts or evidence.

'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Baloch*, 550 F.3d at 1201 (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The allegedly harassing conduct must be based on a protected characteristic. *Id.*; *Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1123 (D.C. Cir. 2002); *Na'im v. Clinton*, 626 F. Supp. 2d 63, 73 (D.D.C. 2009) ("Courts in this jurisdiction have routinely held that hostile behavior, no matter how unjustified or egregious, cannot support a claim of hostile work environment unless there exists some linkage between the hostile behavior and the plaintiff's membership in a protected class."). The legal standard for a hostile work environment claim is the same under the Rehabilitation Act. *See Moss v. Hayden*, No. 18-cv-470, 2020 WL 4001467, at *10 (D.D.C. July 15, 2020) ("Although these allegations are brought under separate statutory schemes, they are analyzed under the same framework.").

As described, Foster's allegations regarding "[h]arassing," "coercing," "targeting," or "threatening" behavior are all conclusory and without specific factual allegations to support them. Such conclusory allegations are insufficient to survive a motion to dismiss. *See Papasan*, 478 U.S. at 286; *Holloway v. Garland*, No. 24-cv-226, 2025 WL 14137, at *12 (D.D.C. 2025) (dismissing plaintiff's hostile work environment claim because "none of [plaintiff's] allegations contain any facts or evidence to allow the drawing of any reasonable inferences, that any of the actions alleged were due to any of plaintiff's claimed protected categories, beyond plaintiff's conclusory say so"); *Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 121 (D.D.C. 2014) (finding plaintiff failed to state a claim where plaintiff made "wholly conclusory" allegations and noting that such allegations "are not entitled to the presumption of truth") (quoting *Iqbal*, 556 U.S. at 679).

Foster's complaint does describe two specific conversations with her supervisor. In one conversation in January 2022, the supervisor contacted her after she had announced her intent to

seek a religious accommodation but apparently failed to file the required attestation form and told Foster he "would hate to lose [Foster] as an employee if she didn't comply" with the vaccination policy. ECF No. 1 ¶ 25. In the second conversation, which took place in April 2022 after Foster did not seek an accommodation under the new process and was denied travel, her supervisor told her that she could get approval for travel if she sought an exemption and that he would "fully support" her if she wanted to do that. *Id.* ¶ 34.

It is not clear that these two conversations could give rise to a reasonable inference of hostility, let alone hostility sufficiently "severe or pervasive" to "create an abusive working environment." *Baloch*, 550 F.3d at 1201; *see Dixon v. Yellen*, No. 22-cv-3496, 2024 WL 1831967, at *4 (D.D.C. Mar. 21, 2024) (holding that "frequent communications urging staff to get vaccinated, some of which 'emphasized the use of discipline' for unvaccinated employees," and a supervisor's "peer pressure" to get vaccinated did not amount to a hostile work environment). Accordingly, Foster has not adequately alleged a Title VII hostile work environment claim.[5]

### III. Conclusion

For these reasons, the Court grants the motion to dismiss, the motion for summary judgment in the alternative is denied as moot and the complaint is dismissed without prejudice. A separate order consistent with this decision accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date: April 14, 2025

---

[5] That Foster appears to have largely copied and pasted conclusory assertions from her Rehabilitation Act claim to her Title VII claim reinforces the lack of specificity. ECF No. 1 ¶¶ 126–143.